NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2012[*]
Decided November 8, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-2287

| | |
|---|---|
| JINRUN GAO, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 10-1025 |
| | |
| BRICKYARD APARTMENTS BY | Michael M. Mihm, |
| SNYDER, L.L.C., | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Jinrun Gao was unhappy about a smoke smell in his apartment and what he viewed as his landlord's inadequate response to the problem. After Gao's complaints were not addressed to his satisfaction, he angrily confronted an employee of his landlord, Brickyard Apartments by Snyder, L.L.C., and soon the police were summoned to calm the situation. Afterward the company banned Gao from the development's clubhouse (where the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

manager's office is located), and eventually acceded to his demand that he be released from his lease without penalty. Gao then sued the landlord, claiming racial discrimination under the Fair Housing Act. *See* 42 U.S.C. § 3613(a)(1)(A). The district court ruled in the landlord's favor after a bench trial, and Gao appeals. We affirm the judgment.

Our review is hindered by Gao's failure to supply a complete transcript of the bench trial, and thus we set out the facts as found by the district court. Gao and his wife, Shengju Rong, are of Chinese descent. They signed a six-month lease in January 2007 for an upstairs apartment in the landlord's complex in Bloomington, Illinois. The couple lived there without incident during the lease term and in June 2007 renewed the lease for another year. Their lease made the landlord responsible for repairs. Before January 2008 the couple's requests for routine repairs were satisfied.

A smoke smell in their apartment led to the dispute that triggered this lawsuit. On January 22, 2008, the couple first complained of a smoke odor in the apartment. Within minutes Leo Baker, a member of the maintenance staff, arrived to inspect the apartment. Assistant property manager Lindsay Thacker and other company employees also visited the next day. They did not detect any unusual smell. A city inspector also stopped by (at the landlord's request), but he did not smell smoke. On the morning of January 30, Rong called the landlord and complained again of a smoke odor, but the employees who arrived soon after did not smell anything unusual. That evening, Rong reported a smoke smell to the landlord's emergency after-hours line, which is staffed by a third party, but did not receive a follow-up response from the landlord. The district court found, based on the testimony of Gao's witnesses, that at times there likely was a smoke odor in the apartment, which resulted from cigarette smoke drifting upward from the apartment below. But the court still credited the testimony of the city inspector and the landlord's employees, and found that none of them had detected the smoke odor, because the downstairs neighbors were not smoking when they visited.

On February 2, 2008, Gao and Rong confronted Thacker in her office, which was located in the clubhouse. Gao asked to be released from the rental contract without penalty and produced a release he had drafted, which Thacker refused to sign. At some point, the conversation became heated. According to Thacker's testimony, which the district court found to be credible, Gao screamed, slammed his hand on Thacker's desk, and hit the "inbox" on her desk. Thacker twice picked up the phone to call the police after Gao refused to leave her office, but both times Rong pressed a button on the phone to stop the call. Thacker then paged Baker, who lived nearby. He arrived and called police after talking with Gao, who dialed 911 himself soon after. The police arrived and accompanied Gao and his wife back to their apartment. Gao and Rong (who is not a party to the litigation) testified that, during the exchange, Thacker had said something like, "Why do you Chinese

people have so many problems?" But Thacker denied saying anything of the sort, and the court believed her version of events.

After this incident, the landlord-tenant relationship unraveled. On February 4, management informed Gao and Rong that their lease would not be renewed and that they were banned from entering the clubhouse. They were told that they still could contact the property managers but would have to use phone or e-mail. The district court found that Gao's behavior on February 2 was the reason for these actions. Despite the clubhouse ban, Rong went to the management office, alone, and once again asked if the couple could depart early without penalty because smoke odor was aggravating her asthma. Rong was told that her request would be granted if she provided medical documentation, which she did. On February 11, the landlord executed a release with instructions for the couple to vacate the apartment by the end of February. Rong moved out a few days later but on February 26, she requested minor repairs to a screen door and blinds in the apartment. The landlord responded that these repairs would not be made until after the couple vacated the apartment. The district court found that this decision to defer such minor repairs was reasonable.

Gao claims that the landlord engaged in racial discrimination, *see* 42 U.S.C. § 3604(a), (b), as well as retaliation for his exercise of rights protected under the Fair Housing Act, *see id.* § 3617. *See Bloch v. Frischholz*, 587 F.3d 771, 774–75 (7th Cir. 2009). In this court he seeks to challenge the district court's rejection of these claims, and his appellate brief catalogues his disagreements with the judge's credibility determinations and findings of fact. We cannot review Gao's contentions, however, without the complete transcript. Gao has supplied us with the testimony of only one witness, making meaningful appellate review of the district court's fact-finding impossible. *See* FED. R. APP. P. 10(b)(2); *Morisch v. United States*, 653 F.3d 522, 529–30, 532 (7th Cir. 2011). Even on a full record, he would have a nearly impossible burden of establishing that the judge's factual determinations—which essentially turn on credibility assessments—are clearly erroneous. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 868 (7th Cir. 2012); *Gicla v. United States*, 572 F.3d 407, 414 (7th Cir. 2009).

Given the district court's factual findings, Gao's appeal lacks merit. To recover on his claims under the Fair Housing Act, he needed to prove discriminatory intent. *See Bloch*, 587 F.3d at 784. At trial Gao attempted to meet that burden through both the direct and indirect methods of proof. *See Hasham v. Cal. State Bd. of Equalization*, 200 F.3d 1035, 1043–44 (7th Cir. 2000); *Kormoczy v. Secretary of HUD*, 53 F.3d 821, 823–24 (7th Cir. 1995). On appeal, though, we are not concerned with the mechanics of these methods, but instead consider

only "whether the record supports the resolution as to the ultimate question of intentional discrimination." *Hasham*, 200 F.3d at 1044.

Based on the scanty record before us, we have no basis to disagree with the district court's conclusion that Gao's landlord did not intentionally discriminate against him. The court found that Thacker did not make, as Gao claimed, a disparaging statement about Chinese tenants, eliminating the only direct evidence of discrimination Gao offered in support of his claims. The court also concluded that the landlord had a legitimate explanation for every action that Gao labeled discriminatory. The landlord did not "repair" the smell in Gao's apartment because its employees repeatedly investigated the odor and never noticed anything unusual. And the company did not fix Gao's screen door and blinds because it generally puts off minor repairs that are requested on the eve of a tenant's departure. Gao was banned from the clubhouse only after he had initiated a confrontation that resulted in police being called and that the district court found was "sufficiently disruptive" to justify the landlord's response. The same is true for the landlord's decision not to renew Gao's lease (which Gao, anyway, did not want renewed). And the landlord requested medical documentation before terminating the lease without penalty because its policy was to have a paper trail of such decisions.

Finally, Gao complains that the district court erred by considering testimony that the landlord had an unwritten policy of deferring minor repairs for departing tenants; he says that this policy was not disclosed during discovery and thus the testimony was required to be excluded under Federal Rule of Civil Procedure 37(c)(1). But that rule applies only to failures to make *required* disclosures. *See* FED R. CIV. P. 26(a), 26(e). And an unwritten policy is not subject to required disclosure under Rule 26. *See id.* 26(a)(1)(A)(ii) (referring to "documents, electronically stored information, and tangible things").

Accordingly, the judgment of the district court is AFFIRMED.